**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4549**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT S. HUGHES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:18-cr-00058-REP-1)

Submitted:  April 4, 2019                                    Decided:  April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Kaitlin G. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert S. Hughes appeals the district court's order affirming the magistrate judge's judgment of conviction imposing an 18-month sentence. Hughes pled guilty to two counts of driving under the influence, in violation of 18 U.S.C. § 13 (2012), assimilating Va. Code Ann. §§ 18.2-266, 270 (2014). Finding no error, we affirm.

We review Hughes' sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must ensure that the sentencing court committed no significant procedural error, such as failing to consider the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors or not adequately explaining the sentence. *Id.* at 51. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the [Sentencing] Guidelines range." *Gall*, 552 U.S. at 51.

Hughes argues that the magistrate judge procedurally erred by failing to consider his evidence and arguments in mitigation and by insufficiently explaining the sentence. However, the sentencing transcript reveals that the magistrate judge thoroughly reviewed the § 3553(a) factors and considered the defense's arguments before pronouncing the sentence. As to substantive reasonableness, Hughes makes no argument to rebut the

2

presumption of reasonableness we afford a within-Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Accordingly, we affirm Hughes' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*